# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| JOSH LOBOZZO<br>    Plaintiff, | )<br>)<br>) |
| v. | )<br>) |
| BLOUNT COUNTY, BLOUNT<br>COUNTY SHERIFF JAMES BERRONG<br>BLOUNT COUNTY JAIL ADMINISTRATOR<br>KEITH GREGORY and BLOUNT COUNTY<br>Jail Staff JOHN or JANE DOE<br>    Defendants. | )   Docket No. _____<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT FOR VIOLATION OF THE CIVIL RIGHTS
## OF JOSH LOBOZZO

**COMES NOW**, Plaintiff, and files this complaint and alleges the following:

## PARTIES

I. Plaintiffs

1. The plaintiff, Josh Lobozzo is a citizen and residents of Tennessee, both residing in Blount County, Tennessee and was housed in the Blount County Jail as a pre-trial detainee.

II. Defendants

2. At all times material hereto, Blount County, a political governmental entity in Tennessee, was the owner of the Blount County Jail located in Blount County Tennessee.

3. At all times material hereto, Sheriff James Berrong was the duly elected Sheriff of Blount County statutorily responsible for the day-to-day operation of the Blount County Jail and for the safety of persons housed therein against their will. T.C.A. § 41-4-101.

4. The Sheriff is charged with keeping the inmates personally, or by deputies or a jailer until they are lawfully discharged. T.C.A. § 8-8-201(a)(3).

5. In the discharge of this duty, the Sheriff may appoint jailers for whose actions the Sheriff is civilly liable. T.C.A. § 41-4-101.

6. At all times material hereto, Blount County is comprised of a legislative body obligated to fund the operation of the Blount County Jail. T.C.A. §§ 5-7-104 and 5-7-106.

7. In addition to the statutory duty set forth in paragraph 4, supra, Blount County is required to provide to the jail sufficient medical personnel as may be needed to provide needed medical services, including mental health evaluation and treatment, to those persons confined who require such services at the sole expense of the County. T.C.A. § 41-4-115.

8. Keith Gregory at all times was the Jail Administrator of the Blount County Jail.

9. At all times Blount County, through its Sheriff's Department employed John or Jane Doe as corrections officers as well as medical personnel to manage the medical care at the Blount County Jail. Blount County is required by law to provide to the jail sufficient medical personnel as may be needed. T.C.A. § 41-4-115.

## VENUE AND JURISDICTION

10. This is a civil action for money damages and injunctive relief brought for claims authorized by 42 U.S.C. Section 1983 and 1988 to redress the deprivation, under color of state law, of rights secured by the Eighth and Fourteenth Amendment to the Constitution of the United States.

11. This Court has subject matter jurisdiction under 28 U.S.C. §1331 and 1343.

12. Venue is proper in this Court because the cause of action arose in Blount County, in the Eastern District of Tennessee.

## WAIVER OF IMMUNITY

13. Blount County has waived immunity for harm caused as a result of a dangerous or defective condition of any building or public improvement to land. T.C.A. § 29-20-204.

14. Blount County has waived immunity for negligence of deputies or employees of the Sheriff's Department, or the County as set out in the Tennessee Governmental Tort Liability Act. T.C.A. § 29-20-205.

15. Immunity for the Sheriff and his employees is waived for certain torts by T.C.A. § 29-20-205.

16. Immunity for the Sheriff and his jailers is waived pursuant to T.C.A. § 41-4-101.

17. The Sheriff is statutorily required to post a secured bond in an amount not less than $100,000.00 to secure his faithful execution of the duties of his office. T.C.A. 8-8-103.

## GENERAL FACTUAL ALLEGATIONS

18. On or about March 27, 2020, Mr. Lobozzo was booked into the Blount County Jail as a pre-trial detainee.

19. Mr. Lobozzo told the officers at the Blount County Jail, during booking, and continued to voice that he is Diabetic and insulin dependent.

20. Mr. Lobozzo never received any medical treatment, and or his insulin while incarcerated at the Blount County Jail.

21. More than 24 hours after being booked into the Blount County Jail and without the proper medical care and insulin Mr. Lobozzo ended up in a coma in the Blount Memorial Hospital with life altering medical injury resulting in permanent injury.

22. Defendant's implemented, employed, a system that fostered and failed to provide adequate medical care to Mr. Lobozzo. In the alternative, Defendant's were on notice of Mr. Lobozzo's medical needs and their lack of procedures and processes to ensure those suffering and diagnosed with medical issues when booked into the Blount County Jail, etc. were identified and adequately provided medical care.

## SPECIFIC FACTUAL ALLEGATIONS AS TO JOSH LOBOZZO

23. Plaintiffs incorporate by reference paragraphs 1-22.

24. On March 27, 2020, Josh Lobozzo was arrested and booked into the Blount County Jail.

25. On March 28, 2020, Josh Lobozzo was found "rushed" to Blount Memorial Hospital suffering from a Diabetic Ketoacidosis.

26. The arresting officers along with members of the Blount County Sheriff's office was on notice or should have been on notice of Josh Lobozzo's condition.

27. Defendant James Berrong is liable for the actions and failures to act of those jailers and Medical Staff appointed/hired to work at the jail. The jail staff along with John and or Jane Doe knew or should have known that Josh Lobozzo was an insulin dependent diabetic when he was booked into the Blount County Jail.

28. Jail staff failed to evaluate Josh Lobozzo during intake even though Blount County was on notice of this deficiency which ultimately resulted in his injury, the Blount County Jail has had multiple incidences in the jail and has failed to remedy its deficiencies.

29. Josh Lobozzo was booked and detained into jail without being provided any intake procedure to ensure proper medical treatment. In the alternative, Defendant's were aware of Mr.

Lobozzo's condition and failed to properly care for Mr. Lobozzo thereby placing him at substantial risk of injury.

30. The lack of jail protocols and proper procedures by these Defendant's resulted in Josh Lobozzo's near death injury resulting in permanent injury.

## CONSTITUTIONAL CLAIMS BASED UPON THE UNITED STATES CONSTITUTION AMENDMENT VIII

Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted.

## AMENDMENT XIV
Section 1.

All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the state wherein they reside. No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

## COUNT I
## EIGHTH AMENDMENT, FOURTEENTH AMENDMENT AND 42 U.S. § 1983

31. Plaintiffs reallege the allegations set forth in paragraphs 1 through 30 of this Complaint.

32. At the time of booking into the Blount County Jail Josh Lobozzo was diabetic and insulin dependent.

33. This fact was known or in the alternative should have been known to the arresting deputies and to the Blount County Jail and John and Joe Doe's during intake personnel as well as the Blount County Medical Personnel.

34. Blount County owed a duty of care to the Plaintiff to provide necessary evaluations, services, and treatment to him while he was confined. and failed to provide such care.

35. The failure of the Blount County Jail resulted in cruel and unusual punishment, a violation of his due process rights under the Fourteenth Amendment as he had yet to be convicted of any crime for which Blount County could punish him

36. Upon information and belief, it was the custom and policy of these Defendant's to provide inadequate medical care to its detainees.

These Defendants failed to discharge their duties to the Plaintiff by:

1. Failed to provide Plaintiff's insulin as required; and/or

2. Failed to ensure that Plaintiff was provided meals that were appropriate for her medical condition; and/or

3. Failed to examine Plaintiff and act to reverse the development of diabetic ketoacidosis which was evident in Plaintiff; and/or

4. Failed to monitor Plaintiff's blood sugar levels at appropriate time intervals; and/or

5. Failed to have a doctor actually examine Plaintiff to determine what was wrong with him and what needed to be done; and/or

6. Failed to maintain Plaintiff with proper insulin injection schedule mandate that she be provided proper food for his condition; and/or

37. As a consequence Plaintiff went into a near-coma, requiring him to be hospitalized and in a coma for more than 4 days.

38. Plaintiff knew the dangers of the failure to treat him timely and appropriately, but because of his confinement he was rendered powerless to protect his own health.

Plaintiff has suffered damages and fear and panic as a result of the acts of these Defendant's.

39. The above noted policies, customs, and/or practices were persistent, widespread and actually or constructively known to Blount County and each and every defendant respectively. Such policies, customs, and/or practices, which were so common, well-settled and adopted, to establish a tradition that fairly represents policy, were a pitiful power behind the violations of Mr. Lobozzo's rights under the due process clause of the Fourteenth amendment.

40. By the failure to provide basic treatment to Mr. Lobozzo, Blount County willfully ignored this reality and in fact did result in near death for Mr. Lobozzo.

41. This deliberate indifference on the part of Blount County who knew of, and disregarded the excessive risk of harm to persons housed within the Blount County Jail due to the jail conditions and lack of care referenced herein was sufficiently serious and likely to lead to an unreasonable risk of injury or death and therefore was a violation of the Eighth and Fourteenth Amendment rights

42. The actions and inactions by Blount County were done under color of law.

43. Just as Blount County has a duty to timely and properly fund the day-to-day operations of the Blount County Jail and to erect and maintain a jail facility that is suitable for the number of persons routinely housed therein so as to ensure proper medical treatment is received.

44. The deprivation of reasonable medical services to prevent injury of an inmate coupled with the subhuman conditions of incarceration or in the alternative, the inability of the jail personnel to properly supervise persons housed in the Blount County Jail to prevent injury presented a substantial risk of harm to Josh Lobozzo.

45. As a result of the death of Josh Lobozzo, suffered damages, including but not limited to, the pain and suffering Josh Lobozzo suffered, his lost wages, and medical expenses and, mental anguish and pain and suffering.

**WHEREFORE**, As a result of the above referenced acts and omissions, the decedent, Plaintiff, and all other heirs of the decedent sustained the damages and losses sought herein for which the Defendants are jointly and severally liable.

## COUNT II
### RIGHT TO BE FREE FROM STATE-CREATED DANGER

46. Plaintiffs re-allege the allegations set forth in paragraphs 1 through 45 of this Complaint.

47. Defendants are liable to Plaintiffs for violating Josh Lobozzo's right to be free from state-created danger guaranteed by the fourteenth amendment to the United States Constitution.

48. The Defendants increased the danger to Josh Lobozzo and other detainees by failing to take appropriate measures to ensure detainees were provided adequate medical care.

49. The Defendant's acted with deliberate indifference. At all times material to this complaint the defendants deliberately and with reckless disregard ignored that the medical needs of Mr. Lobozzo

50. Sadly, Josh Lobozzo's medical situation was consistent with what correctional studies have shown can happen if jail personnel are not trained or attentive during a detainee's initial confinement period.

51. Ultimately, the defendants denied care to Josh Lobozzo. In doing so, Defendants failed to provide Josh Lobozzo with basic human needs during his incarceration.

**WHEREFORE**, as a result of the above referenced acts and omissions, Mr. Lobozzo sustained the damages and losses sought herein for which the Defendants are jointly and severally liable.

## COUNT III
## RATIFICATION

52. Plaintiffs re-allege the allegations set forth in paragraphs 1 through 51 of this Complaint.

53. Defendant, Blount County, ratified the unconstitutional violations of Lobozzo's rights in that it ratified the policies, practices, procedures, and customs, of Blount County.

**WHEREFORE**, as a result of the above referenced acts and omissions, Mr. Lobozzo sustained the damages and losses sought herein for which the Defendants are jointly and severally liable.

## COUNT IV
## PUNITIVE DAMAGES

54. Plaintiff hereby incorporates, in their entirety, each and every paragraph contained in this Complaint and by reference make said paragraphs a part hereof as if fully set forth herein.

55. The actions and omissions of the individual Defendants were unlawful, shocking to the conscience and unconstitutional, and performed maliciously, recklessly, intentionally, willfully, wantonly and/or in such a manner as to entitle Plaintiff to a substantial award of punitive damages.

**WHEREFORE, PREMISES CONSIDERED**, the Plaintiff, Josh Lobozzo, sues and demands judgment from the Defendant's, and John and or Jane Doe Defendant's, and respectfully requests an order from this Court awarding damages and compensation for the following:

1. An award of actual, consequential and incidental damages in such amounts as are sufficient to compensate in full the Plaintiff for the losses and damages actually incurred as a result of the Defendants' wrongdoing;

2. An award of punitive damages to be determined by the Jury as fair and reasonable in an amount adequate to punish the Defendants and serve as an example to deter similar conduct in the future;

3. An award of the Plaintiff's costs and expenses incurred in connection with this action, including attorneys' fees, expert witness fees and all other costs herein;

4. An award of pre-judgment and post-judgment interest as the Court deems appropriate;

5. Attorneys' fees, to the fullest extent allowable by the statutes generally referenced herein and/or the common law applicable to this case, including but not limited to the extent permitted under 42 U.S.C. § 1988; and

6. Statutory and discretionary cost(s);

7. All such further relief, both general and specific, to which he may be entitled;

8. Plaintiff request that a Jury be impaneled to hear this cause

DEMAND FOR TRIAL BY JURY

**RESPECTFULLY SUBMITTED**, this the 27th day of March, 2021.

THE BOWLIN LAW FIRM P.C.

By: _____ *for The Firm*
Troy L. Bowlin, II No. 025893
Attorney for Plaintiff
First Tennessee Plaza
800 South Gay Street, Suite 2131
Knoxville, Tennessee 37929
troy@tblf-pc.com
www.thebowlinlawfirm.com